IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

05 MAR 21 AM 11: 10

| | |
|---|---|
| Ashland Inc., | ) |
| Plaintiff | ) Civil Action No.: **2:05 CV 274** |
| | ) Judge |
| v. | ) |
| Achiever Business Solutions Inc. and Achiever Business Solutions Limited, | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Ashland Inc. (hereinafter "Ashland") by its attorneys and for its Complaint, alleges as follows:

### THE PARTIES

1. Ashland Inc. is a corporation of the Commonwealth of Kentucky with its principal place of business located at 50 E. RiverCenter Boulevard, Post Office Box 391, Covington, Kentucky 41012-0391. Ashland Specialty Chemical, formerly known as Ashland Chemical Company (hereinafter "Ashland Chemical"), is an unincorporated division of Ashland Inc. and has its principal place of business located at 5200 Blazer Parkway, Dublin, Ohio 43017.

2. Upon information and belief, Defendant Achiever Business Solutions Inc. is an Ohio corporation with its principal place of business located at 355 East Campus View Boulevard, Suite 285, Columbus, Ohio 43235. Upon information and belief, Defendant Achiever Business Solutions Limited (hereinafter jointly with Achiever Business Solutions Inc. identified as "Achiever") is a United Kingdom corporation with its principal place of business located at Cross & Pillory House, Cross & Pillory Lane, Alton, Hampshire GU34 1HL, United Kingdom.

1

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331; diversity jurisdiction pursuant to 28 U.S.C. §1332 as the parties are citizens of different states, an additional party is the citizen or subject of a foreign state, and the amount in controversy exceeds $75,000; exclusive jurisdiction pursuant to 28 U.S.C. §1338; supplemental jurisdiction pursuant to 28 U.S.C. §1367; and jurisdiction under the Federal Declaratory Judgment Act pursuant to 28 U.S.C. §§2201, 2202.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b), (d).

## BACKGROUND FACTS

5. In 1995, Triangle Computer Services Limited ("Triangle") and Ashland Chemical, a division of Ashland Inc., entered into a Secrecy Agreement. Pursuant to paragraph number 5 of that Secrecy Agreement, Triangle transferred "any and all rights to copyrights for any work produced by [Triangle] under this Agreement to Ashland Chemical." The laws of the State of Ohio govern the Secrecy Agreement.

6. In 1996, Triangle and Ashland Chemical entered into an Agreement (hereinafter the "1996 Agreement") whereby Triangle agreed to supply goods and services to Ashland Chemical. Paragraph 19 of the 1996 Agreement incorporates by reference the Secrecy Agreement.

7. Pursuant to the 1996 Agreement, including Schedule B thereto entitled "Purchase of Base ISO Achiever Plus Software," Triangle agreed to sell and Ashland Chemical agreed to purchase the base ISO Achiever Plus workflow version software, associated software documentation, and the source code therefor (hereinafter collectively referred to as "Software"). More specifically, Triangle agreed to supply the following deliverables:

2

    a.    The base ISO Achiever Plus workflow version software, including the central Quality Management System, customer, sub-contractor, calibration, training and help databases;

    b.    Additional QS9000 modules being developed by Triangle;

    c.    ISO 9000 and related standards, in Notes database format; and,

    d.    Detailed flow diagrams and documentation (user guide and software application guide) for all of the above modules, and the source code for all databases.

8. Pursuant to Schedule D of the 1996 Agreement, entitled "ISO Achiever Plus Product Modifications," the Software also included the following software modifications (module by module), which Triangle agreed to complete by August 28, 1996:

    a.    Document Control (includes Policies, Procedures, Work Instructions and Other Controlled Documents);

    b.    Customer Complaints and Internal Incidents;

    c.    Review Meetings;

    d.    Internal Auditing; and,

    e.    Testing and Project Management.

9. Pursuant to Schedule A of the 1996 Agreement, entitled "General Charges," the "Base software purchase price" was fixed as per Schedule B of the 1996 Agreement.

10. Pursuant to Paragraph 25 of the 1996 Agreement, entitled "Ownership of Work Product," any modifications made to Triangle's standard products are the property of Ashland Chemical. Further, the 1996 Agreement contains no restriction on who may make any such modifications and Ashland in reliance thereon modified the Software.

11. Pursuant to Paragraph 13 of the 1996 Agreement, entitled "Agreement Subrogation," Triangle may not assign or sublet any portion to the 1996 Agreement without the prior written consent of Ashland Chemical.

12. Pursuant to Paragraph 24 of the 1996 Agreement, entitled "Limitations of Actions," no action, regardless of form, arising out of the subject matter of the agreement may be brought by either party more than one year after the cause of action has occurred. Finally, the 1996 Agreement contains no choice of forum provision regarding where any such disputes are to be resolved.

13. On January 1, 2002, Triangle allegedly assigned to Achiever Business Solutions Limited, in violation of the 1996 Agreement, the Software. On information and belief, neither Defendant has full ownership rights in the Software at issue.

14. Upon information and belief, Achiever Business Solutions Limited and Achiever Business Solutions Inc. are part of the same corporate enterprise known as Achiever Business Solutions, which has offices in the United Kingdom and in the United States.

15. Achiever now alleges that Ashland has unlawfully used the Software. Achiever alleges that Ashland only had a license to use the software for five years and that this alleged license has allegedly expired.

## COUNT I

### DECLARATORY JUDGMENT THAT ASHLAND OWNS OR HAS A PERPETUAL LICENSE TO USE AND MODIFY THE SOFTWARE

16.     Ashland repeats and realleges the allegations contained in paragraphs 1-15 of this Complaint as though fully set forth herein.

17.     This is a claim for a Declaratory Judgment declaring that Ashland purchased and owns the Software, or in the alternative, that Ashland and its successors and assigns, have a perpetual license to use and further modify the Software.

18.     Defendants have claimed that Ashland does not own the Software nor has a perpetual license to use and further modify the Software.  Moreover, Defendants have not demonstrated that they have rights in the Software sufficient to enable them to enforce any rights against Ashland.  Accordingly, unless the Court makes a declaration, Ashland will be subject to threats of suit and intimidation from Defendants, causing damage in the form of diminished business reputation and goodwill.

## COUNT II

### DECLARATORY JUDGMENT THAT ASHLAND HAS A ROYALTY FREE RIGHT TO USE AND FURTHER MODIFY THE SOFTWARE

19.     Ashland repeats and realleges the allegations contained in paragraphs 1-18 of this Complaint as though fully set forth herein.

20.     This is a claim for a Declaratory Judgment declaring that Ashland and its successors and assigns, have a right to use and further modify, without payment of royalty, the Software.

21.     Defendants have claimed that Ashland does not have a right to use and further modify, without payment of royalty, the Software.  Moreover, Defendants have not demonstrated

that they have rights in the Software sufficient to enable them to enforce any rights against Ashland. Accordingly, unless the Court makes a declaration, Ashland will be subject to threats of suit and intimidation from Defendants, causing damage in the form of diminished business reputation and goodwill.

## COUNT III

### DECLARATORY JUDGMENT THAT ASHLAND OWNS AND HAS A PERPETUAL ROYALTY FREE RIGHT TO USE ALL MODIFICATIONS TO THE SOFTWARE

22. Ashland repeats and realleges the allegations contained in paragraphs 1-21 of this Complaint as though fully set forth herein.

23. This is a claim for a Declaratory Judgment declaring that Ashland owns and has a perpetual royalty free right to use all modifications to the Software.

24. Pursuant to the Secrecy Agreement, all copyright rights belong to Ashland. Pursuant to Paragraph 25 of the 1996 Agreement, "[a]ny modifications made to [Triangle's] standard products pursuant to this Agreement, or its associated Schedule(s) are the property of [Ashland Chemical]."

25. Defendants have claimed that Ashland does not own and does not have a perpetual royalty free right to use all modifications to the Software. Moreover, Defendants have not demonstrated that they have rights in the Software sufficient to enable them to enforce any rights against Ashland. Accordingly, unless the Court makes a declaration, Ashland will be subject to threats of suit and intimidation from Defendants, causing damage in the form of diminished business reputation and goodwill.

## COUNT IV

### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF ANY ALLEGED COPYRIGHTED SOFTWARE OF DEFENDANTS

26. Ashland repeats and realleges the allegations contained in paragraphs 1-25 of this Complaint as though fully set forth herein.

27. This is a claim for a Declaratory Judgment declaring that Ashland has not infringed any alleged copyrighted software of Defendants.

28. Pursuant to the Secrecy Agreement, any and all rights to copyrights for any work produced by Defendants, or their predecessor(s) in interest, under that agreement was transferred to Ashland.

29. Moreover, even if some portion of the Software is not covered by the Secrecy Agreement and even if the 1996 Agreement only granted Ashland a license to use the Software for five years, upon information and belief, Ashland had so modified the alleged licensed Software by the time of the alleged license expiration as to no longer make it substantially similar to the original Software. Accordingly, Ashland has not infringed Defendants' alleged copyright.

30. Defendants have claimed that Ashland has infringed or is infringing its allegedly copyrighted Software. Moreover, Defendants have not demonstrated that they have rights in the Software sufficient to enable them to enforce any rights against Ashland. Accordingly, unless the Court makes a declaration, Ashland will be subject to threats of suit and intimidation from Defendants, causing damage in the form of diminished business reputation and goodwill.

## COUNT V

## DECLARATORY JUDGMENT THAT DEFENDANTS' CLAIM OF COPYRIGHT INFRINGEMENT IS BARRED BY THE STATUTE OF LIMITATION

31. Ashland repeats and realleges the allegations contained in paragraphs 1-30 of this Complaint as though fully set forth herein.

32. This is a claim for a Declaratory Judgment declaring that any claims for alleged copyright infringement by Ashland are barred by 17 U.S.C. §507(b).

33. Pursuant to 17 U.S.C. §507(b), "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claimed accrued." Defendants have alleged that Ashland's alleged license to the Software expired more than three years ago. Yet Defendants have failed to timely bring an action for alleged copyright infringement. Any such action at this time would be barred by 17 U.S.C. §507(b).

34. Defendants have claimed that Ashland has infringed or is infringing its allegedly copyrighted Software. Moreover, Defendants have not demonstrated that they have rights in the Software sufficient to enable them to enforce any rights against Ashland. Accordingly, unless the Court makes a declaration, Ashland will be subject to threats of suit and intimidation from Defendants, causing damage in the form of diminished business reputation and goodwill.

## COUNT VI

## DECLARATORY JUDGMENT THAT ASHLAND HAS A ROYALTY FREE RIGHT TO USE THE SOFTWARE, OR MODIFIED VERSION THEREOF, FOR TRANSITION SERVICES TO AIR PRODUCTS & CHEMICALS INC.

35. Ashland repeats and realleges the allegations contained in paragraphs 1-34 of this Complaint as though fully set forth herein.

36. This is a claim for a Declaratory Judgment declaring that Ashland has the right to use the Software, or a modified version thereof, in the provision of transition services to Air Products & Chemicals Inc. (hereinafter "Air Products"), without payment of royalty.

37. In 2003, Ashland sold the assets of its Electronic Chemical Division ("ECD") to Air Products. As part of this sale, Ashland agreed to provide, for a period of time, certain transitional services to Air Products to ensure uninterrupted operations by Air Products of the assets formally used by Ashland in its ECD operations. Some transitional services may have included the use by Ashland of the Software, or a modified version thereof. Upon information and belief, Ashland owns the Software, has a perpetual license to the Software, or by the time of the ECS sale, had so modified that Software that it was not substantially similar to Defendants' alleged copyrighted Software. Any and all modifications were authorized pursuant to Ashland's ownership of or royalty free perpetual license to use and further modify the Software.

38. Defendants have claimed that Ashland does not have the right to use the Software, or a modified version thereof, in the provision of transition services to Air Products, without payment of royalty. Moreover, Defendants have not demonstrated that they have rights in the Software sufficient to enable them to enforce any rights against Ashland. Accordingly, unless the Court makes a declaration, Ashland will be subject to threats of suit and intimidation from Defendants, causing damage in the form of diminished business reputation and goodwill.

## COUNT VII

## DECLARATORY JUDGMENT THAT DEFENDANTS ARE CONTRACTUALLY ESTOPPED FROM CONTESTING THAT ASHLAND OWNS THE SOFTWARE, THE MODIFICATIONS TO THE SOFTWARE, AND MAY, WITHOUT ROYALTY, USE AND MODIFY THE SOFTWARE

39. Ashland repeats and realleges the allegations contained in paragraphs 1-38 of this Complaint as though fully set forth herein.

40. This is a claim for a Declaratory Judgment declaring that Defendants are contractually estopped from now claiming Ashland does not own the Software and the modification to the Software, may not perpetually use and further modify the Software, or from demanding royalties from Ashland for using the Software. Pursuant to the Secrecy Agreement, Ashland owns all copyright rights in the Software. Pursuant to Paragraph 24 of the 1996 Agreement, entitled "Limitation of Action," "[n]o action, regardless of form, arising out of the subject matter of this Agreement may be brought by either party more than one year after the cause of action has occurred."

41. The 1996 Agreement was executed in the summer of 1996. Upon information and belief, Defendants were aware that Ashland or its agents were modifying or would modify the Software thereafter. Yet almost a decade would pass before Defendants first claimed such modifications violated the 1996 Agreement.

42. According to Defendants, Ashland's right to use the Software allegedly expired after five years. However, upon information and belief, Defendants never solicited a renewal of the alleged expired license or otherwise notified Ashland of its alleged expiration. Also, upon information and belief, Defendants were aware of Ashland's continued use of the Software after the alleged license allegedly expired. Yet nearly three years passed before Defendants first

10

claimed that the 1996 Agreement only granted a license which would expire after a few years and that as such Ashland's conduct thereafter was allegedly unlawful.

43. Pursuant to the 1996 Agreement, Defendants' complaints are untimely.

44. Defendants have untimely claimed that Ashland does not own the Software and the modification to the Software, may not perpetually use and further modify the Software, and now demands royalties from Ashland for using the Software. Moreover, Defendants have not demonstrated that they have rights in the Software sufficient to enable them to enforce any rights against Ashland. Accordingly, unless the Court makes a declaration, Ashland will be subject to threats of suit and intimidation from Defendants, causing damage in the form of diminished business reputation and goodwill.

## COUNT VIII

### DECLARATORY JUDGMENT THAT DEFENDANTS ARE EQUITABLY ESTOPPED FROM CONTESTING THAT ASHLAND OWNS THE SOFTWARE, THE MODIFICATIONS TO THE SOFTWARE, AND MAY, WITHOUT ROYALTY, USE AND MODIFY THE SOFTWARE

45. Ashland repeats and realleges the allegations contained in paragraphs 1-44 of this Complaint as though fully set forth herein.

46. This is a claim for a Declaratory Judgment declaring that Defendants are equitably estopped from now claiming Ashland does not own the Software and the modification to the Software, may not perpetually use and further modify the Software, or from demanding royalties from Ashland for using the Software. Pursuant to Paragraph 24 of the 1996 Agreement, entitled "Limitation of Action," "[n]o action, regardless of form, arising out of the subject matter of this Agreement may be brought by either party more than one year after the cause of action has occurred."

47. The 1996 Agreement was executed in the summer of 1996. Upon information and belief, Defendants were aware of Ashland or its agents modifying the Software thereafter. Yet almost a decade passed before Defendants first claimed such modifications violated the 1996 Agreement.

48. According to Defendants, Ashland's right to use the Software allegedly expired after five years. However, upon information and belief, Defendants never solicited a renewal of the alleged expired license or otherwise notified Ashland of its alleged expiration. Also, upon information and belief, Defendants were aware of Ashland's continued use of the Software after the alleged license allegedly expired. Yet nearly three years would pass before Defendants would first claim that the 1996 Agreement only granted a license which would expire after a few years and that as such Ashland's conduct thereafter was allegedly unlawful.

49. Pursuant to the 1996 Agreement, Defendants' complaints are untimely.

50. Defendants have untimely claimed that Ashland does not own the Software and the modification to the Software, may not perpetually use and further modify the Software, and now demands royalties from Ashland for using the Software. Moreover, Defendants have not demonstrated that they have rights in the Software sufficient to enable them to enforce any rights against Ashland. Accordingly, unless the Court makes a declaration, Ashland will be subject to threats of suit and intimidation from Defendants, causing damage in the form of diminished business reputation and goodwill.

WHEREFORE, Plaintiff Ashland Inc. demands judgment against Defendants as follows:

A. A Declaratory Judgment declaring that Ashland owns the Software, or in the alternative, that Ashland and its successors and assigns, have a perpetual license to use and further modify the Software;

B.  A Declaratory Judgment declaring that Ashland and its successors and assigns, have a right to use and further modify, without payment of royalty, the Software;

C.  A Declaratory Judgment declaring that Ashland owns and has a perpetual royalty free right to use all modifications to the Software;

D.  A Declaratory Judgment declaring that Ashland has not infringed any alleged copyrighted software of Defendants;

E.  A Declaratory Judgment declaring that any copyright infringement claim against Ashland is barred by the statute of limitations;

F.  Declaratory Judgment declaring that Ashland has the right to use the Software, or a modified version thereof, in the provision of transition services to Air Products, without payment of royalty;

G.  A Declaratory Judgment declaring that Defendants are contractually estopped from contesting that Ashland owns the Software and the modifications to the Software and that Ashland may perpetually use and further modify, without payment of royalty, the Software;

H.  A Declaratory Judgment declaring that Defendants are equitably estopped from contesting that Ashland owns the Software and the modifications to the Software, that Ashland may perpetually use and further modify, without payment of royalty, the Software;

I.  That Ashland be awarded its reasonable attorneys fees; and,

    H.    For such other and further relief as the Court deems just and equitable.

Dated: March 21, 2005

*[signature]*

Bruce Tittel (0032729)
btittel@whepatent.com
Trial Attorney
John Paul Davis (0073446)
jdavis@whepatent.com
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202
Telephone:(513) 241-2324
Facsmile: (513) 241-6234

Attorneys for Plaintiff Ashland Inc.

OF COUNSEL:

Vernon F. Venne, Esq.
Ashland Inc.
5200 Blazer Parkway
Dublin, Ohio 43017
Telephone: (614) 790-3975
Facsimile: (614) 790-4268

14