# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ASHLAND INC., | ) | Civil Action No.:  2:05-CV-247 |
| | ) | |
| Plaintiff and Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ACHIEVER BUSINESS SOLUTIONS INC., | ) | Judge Frost |
| | ) | |
| Defendant | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ACHIEVER BUSINESS SOLUTIONS LTD., | ) | Magistrate Judge Abel |
| | ) | |
| Defendant, Counter-Plaintiff and Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Rule 26(f) Report of Parties |
| AIR PRODUCTS AND CHEMICALS, INC. | ) | (to be filed no fewer than seven |
| | ) | (7) days prior to the preliminary |
| Third Party Defendant. | ) | pretrial conference) |

   1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on August 4, 2005 and was attended by:

   _____Bruce Tittel_____, counsel for plaintiff Ashland Inc.

   _____Joseph F. Murray_____, counsel for defendant Achiever Business Solutions Inc. and defendant, counter-plaintiff and third party plaintiff Achiever Business Solutions Ltd.

1

2. The parties:

\_\_\_\_\_ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c).

__X__ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c).

3. The parties:

\_\_\_\_\_ have exchanged the pre-discovery disclosures required by Rule 26(a)(1).

\_\_\_\_\_ will exchange such disclosures by _____.

\_\_\_\_\_ are exempt from disclosure under Rule 26(a)(1)(E).

__X__ have agreed not to make initial disclosures.

4. Jurisdiction and Venue

   a. Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal jurisdiction and/or (3) venue:

   __None._____

   _____

   _____

   b. Describe the discovery, if any, that will be necessary to the resolution of issues relating to jurisdiction and venue:

   __Not applicable._____

   _____

   c. Recommended date for filing motions addressing jurisdiction and venue:

   __Not applicable._____

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties:   October 1, 2005.

6. Recommended discovery plan:
   a. Describe the subjects on which discovery is to be sought and the nature and extent of discovery that each party will need:

If Ashland's motions under Fed. R. Civ. P. 12(b)(6) are denied, then it will need to complete the following discovery:

1. Investigate who are authors of software;

2. The identity of the software provided to Ashland;

3. Modifications to #2 above and who made them;

4. Place were #2 was first published;

5. Modifications adopted by Achiever that were made under the agreement with Ashland and who is now using them;

6. Sales that Achiever made, license agreements entered into and sales to others of the Achiever Plus Software claimed to have been misappropriated by Ashland;

7. Achiever's profit and loss information on Achiever Plus;

8. Achiever's ownership of any copyright interest;

9. Relationship between TCS and Achiever;

10. The 1996 Agreement;

11. All matters asserted or denied in the pleadings; and,

12. Dealings with Lotus.

   b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure

3

    or the local rules of this Court, including the limitation on interrogatories and the limitation of ten depositions, each lasting no more than one day consisting of seven (7) hours?

<u>Fifteen depositions of seven (7) hours if no translator is necessary.</u>

<u>If a translator is necessary, then those depositions may extend to</u>

<u>fourteen (14) hours.  Forty (40) interrogatories rather than twenty-</u>

<u>five (25).</u>

  c. Identify the discovery, if any, that can be deferred pending settlement discussions and/or resolution of potentially dispositive motions:

<u>Damages.</u>

  d. Describe the areas in which expert testimony is expected and indicate whether each expert will be specially retained within the meaning of Fed. R. Civ. P. 26(a)(2)

<u>Ashland anticipates that it will be presenting expert testimony as to</u>

<u>damages and as to Achiever's copyright infringement claim.</u>

  e. Recommended date for making primary expert designations:

<u>April 1, 2006 with Experts Reports due on April 15, 2006 on issues</u>

<u>where the party has the burden of proof.</u>

  f. Recommended date for making rebuttal expert designations:

<u>April 15, 2006 with Rebuttal Reports due on May 15, 2006.</u>

  g. Recommended discovery cut-off date: <u>June 30, 2006.</u>

7. Recommended dispositive motion date: <u>July 30, 2006.</u>

4

8. Has a settlement demand been made?  <u>Yes.</u>  A response? <u>Yes.</u>

   Date by which a settlement demand can be made: _____
   Date by which a response can be made? _____

9. The earliest Settlement Week referral reasonably likely to be productive is the (choose one) March / June / September / December (year) _____ Settlement Week.  <u>September 2006</u>

10. Other matters for the attention of the Court: _____

    <u>Ashland will be seeking an extension of time to respond to the</u>

    <u>counterclaims and will be filing at least one motion under Fed. R.</u>

    <u>Civ. P. 12(b)(6) and possibly a motion under Fed. R. Civ. P. 12(e).</u>

Signatures:

| Attorneys for Plaintiff: | Attorneys for Defendants: |
|---|---|
| "s/Bruce Tittel"<br>Ohio Bar # <u>0032729</u><br>Trial Attorney for<br><u>Ashland Inc.</u> | "s/Joseph F. Murray"<br>Ohio Bar # <u>0063373</u><br>Trial Attorney for<br><u>Achiever Business Solutions Ltd.</u> |
| "s/Thomas W. Humphrey"<br>Ohio Bar # <u>0062336</u><br>Trial Attorney for<br><u>Ashland Inc.</u> | "s/Geoffrey J. Moul"<br>Ohio Bar # <u>0070663</u><br>Trial Attorney for<br><u>Achiever Business Solutions Ltd.</u> |
| "s/John Paul Davis"<br>Ohio Bar # <u>0073446</u><br>Trial Attorney for<br><u>Ashland Inc.</u> | "s/Brian K. Murphy"<br>Ohio Bar # <u>0070654</u><br>Trial Attorney for<br><u>Achiever Business Solutions Ltd.</u> |